**John C. MONTUE, Plaintiff—**
**Appellant,**

v.

**NATIONAL CONCRETE CUTTING;**
**et al., Defendants—Appellees.**

**No. 02–15633.**

**D.C. No. CV–99–01282–LKK(GGH).**

United States Court of Appeals,
Ninth Circuit.

district court. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

John C. Montue, a California state inmate, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was unconstitutionally subjected to dangerous conditions caused by the seismic retrofitting of the prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998) (granting defendant's motion to dismiss); *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) (sua sponte dismissal). We may affirm on any ground supported by the record. *Steckman*, 143 F.3d at 1295. We affirm in part, vacate in part, and remand.

The district court correctly dismissed Montue's action as to the prison officials because it was clear from the face of the amended complaint that he had failed to exhaust the available prison administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Montue's contention on appeal that the district court erred in applying *Booth* to his case is unpersuasive because the Supreme Court's interpretation of federal law is applied retroactively to all cases still open on direct review. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). However, we vacate the judgment to the extent it dismisses the action with prejudice as to the prison officials. We remand for entry of judgment dismissing the action without prejudice as to the prison officials. *See Wyatt v. Terhune*, 305 F.3d 1033 (9th Cir.2002) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

We disagree with the district court's conclusion that Montue adequately alleged that the private defendants' conduct constituted state action. We therefore remand to permit Montue leave to amend to allege a sufficient basis for state action. *See George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1230–32 (9th Cir.1996) (outlining four tests for state action).

We deny Montue's request for judicial notice.

The parties shall bear their own costs on appeal.

AFFIRMED in part, VACATED in part, and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Montue's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.